## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

George M. Applin et al.

v.

Chicago Title Insurance Co.

August 23, 1985

By JUDGE JOHN A. JAMISON

I have carefully considered [the] arguments made after the hearing of evidence in the above matter, and the helpful briefs submitted. Additionally, I have gone back through the file and studied the petitions and exhibits as well as the bench notes I made. Also considered were the cases cited by counsel, including those from Nevada, Georgia and Missouri, copies of which were furnished with [the] briefs.

I have also found a Virginia Case, *Davis v. Buery, et al.*, 134 Va. 322 (1922), which has been shephardized and not found to have been overruled or modified, and which holds that damages, if any, are to be calculated as of the time of the completion of the contract, which in this case would be the date of closing. See also Michie's Jurisprudence, Vol. 19, *Vendor and Purchaser*, Section 105.

In the instant case the Chicago Title Policy erroneously described a fee simple reservation of land as merely "a right-of-way." The difference in certain cases can, of course, be vast. The conveyance of this strip in the deed from Purks to Yates, predecessors in title of plaintiffs here (plaintiffs' exhibit 3), shows the conveyance out, in fee simple, of acreage containing "fifty-one, one hundredths" of an acre on March 30, 1927. The deed recites conveyance by general warranty and it is clear that its description in the policy as a right-of-way is not sufficient.

The damage to the plaintiffs here occurred at the time of the conveyance, since plaintiffs simply did not get what they thought they were buying. The clear inference from the policy is that they were buying all of the land including the strip but subject only to the "right-of-way" which they concluded to be only an easement. Therefore, any cause of action which the plaintiffs had arose as of that time, not when they attempted to sell the land in November of 1983. Then plaintiffs' prospective purchaser did not want the property with a right-of-way on it. The defendant pointed out that the plaintiffs realized a large gain when the property was later sold. The sale was made possible by the plaintiffs' purchase of additional land from the adjoining landowner who, in turn, conveyed to plaintiffs the acreage of "fifty-one, one hundredths," the strip in question.

It matters not that a profit was made years after the cause of action arose. Damages, if any, reverted back to the time the actual cause of action arose which the court must hold occurred simultaneously with the closing. A useful analogy is that involving damages in eminent domain cases where it has long been settled that the date of the taking is crucial to the fixing of damages when suit is filed by the Department of Highways or the landowner. It would be no defense in an eminent domain case that the land had been sold since the taking or that offers had been received for a sum greater than that which had been paid for it.

In this case, the plaintiffs bought and paid for land which their grantor had no right to sell. Evidence was heard from Mr. Harold Gardner, the appraiser, that the difference in value of the property on June 2, 1981, with the full use of the entire tract and the value of the property without fee simple ownership of the strip was $8,000.00.

With respect to the $1,581.75 being allowed plaintiffs as compensable damages incident to remedying the defect in the title, I do not believe that this sum is recoverable. First, these damages, if they ought to be called that, did not accrue at the time the cause of action arose. Secondly, to recover such damages in accordance with the case of *Davis* v. *Buery*, 134 Va. 322 (1922), it must be shown that the vendor acted in bad faith in breaching the contract.

> If the title fail, the purchaser cannot recover against a vendor acting in good faith the value of improvements placed by him on the premises. If he expends money in improvements when he is uncertain about the title, he does so at his own risk.

The same is true regarding attorney's fees asked for by the plaintiffs' counsel herein. Again, in *Davis* the court stated:

> If the vendor is innocently mistaken as to the goodness of his title and the contract contains no warranty of ownership, express or implied, it has been held that the purchaser cannot recover such expenses.

Likewise, damages herein could not include a refund of taxes, but largely for the reason that the plaintiffs, since the purchase of the property have used and enjoyed this strip as a part of their property. They exercised dominion over it and enjoyed all advantages of ownership.

Accordingly, the clerk will enter judgment for the plaintiffs in the sum of $8,000.00, being the undisputed difference in value of the land unencumbered by the strip and its value subject to the strip.